UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROSLYNN BIENEMY, ET AL. | * | CIVIL ACTION NO. 18-5574 |
| | * | |
| | * | SECTION: "H"(1) |
| VERSUS | * | |
| | * | JUDGE JANE TRICHE MILAZZO |
| CHATEAU D'ORLEANS APARTMENTS, | * | |
| ET AL. | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************** | * | |

ORDER AND REASONS

Before the Court is the Motion for Leave to File a Supplemental and Amended Complaint.

(Rec. Doc. 14). For the following reasons, the Motion is GRANTED in part and DENIED in part.

Oral argument set for September 5, 2018, is cancelled.

Background

This lawsuit arises out of the fatal shooting of Kala Bienemy at the Chateau D'Orleans

Apartments at 14765 Chef Mentaur Highway in New Orleans, Louisiana on February 2, 2017.

Plaintiffs filed this lawsuit on behalf of the decedent's minor children against the apartment

complex, the on-site property manager, the owner of the apartment complex, the property

management company, and a non-profit corporation that constructs, rehabilitates, finances, and

owns low-income and affordable housing developments and shares a principal business

establishment with the apartment complex. Plaintiffs allege that these defendants knew or should

have known that the premises where the decedent was killed was dangerous and that they

intentionally and willfully failed to maintain the premises adequately or to provide a safe

environment for the tenants, including the decedent. Among other things, Plaintiffs allege the

defendants failed to have sufficient security measures in place, failed to warn the decedent about

the violence and unreasonable danger of the premises, and failed to inform the decedent about prior murders on the premises.

This lawsuit was filed in state court on February 2, 2018 against Chateau D'Orleans Apartments, Michaels Development Company I LP ("Michaels Development"), Interstate Realty Management Company ("IRMC"), Michaels Community Services Corporation ("Michaels CSC"), the property manager identified as "John/Jane Doe," and four unidentified insurance companies. Michaels Development, IRMC, and Michaels CSC removed the action to this Court on June 1, 2018, arguing that the unidentified local property manager (an individual) had been improperly joined because there is no cause of action against a property manager for failure to protect against the criminal acts of third parties. Michaels Development, IRMC, and Michaels CSC subsequently filed three motions to dismiss. In one, they argue that Chateau D'Orleans Apartments must be dismissed because it is not a legal entity and merely the name of an apartment complex. In the second motion, they argue that the Plaintiffs lack procedural capacity to bring suit on behalf of the decedent's minor children because the named plaintiffs are neither the children's natural tutors, nor have they been appointed as tutors of the minors they seek to represent here. In the third motion, Defendants argue that the "John/Jane Doe" property manager must be dismissed because the allegations of the complaint fail to establish that the property manager can be held personally liable for the decedent's death. Plaintiffs filed a motion to remand arguing that this Court does not have diversity jurisdiction because the on-site property manager is a Louisiana defendant. These motions are pending before the District Judge.

Plaintiffs also filed a Motion for Leave to File Supplemental and Amended Complaint.[1] They argue that they merely seek to name the recently identified property manager, to add a

---

[1] The Motion for Leave to Amend was filed on July 6, 2018. The Motion to Remand was filed later that day. Defendants opposed the Motion to Remand on July 9, 2018. Later that day Plaintiffs moved to substitute the proposed

survival action because they have learned that the decedent survived after being shot and before her death, and to clarify that tutorship proceedings as to the minor children have not been finalized.

Defendants oppose the filing of the proposed amended complaint. They argue that the sole purpose of Plaintiffs' proposed amendment is to defeat diversity jurisdiction by adding one of the alleged perpetrators of the decedent's murder, Erroll Krish, as a defendant. Indeed, although Plaintiffs' memorandum in support of their proposed amendment does not mention Krish or address his addition as a defendant, the Plaintiffs' proposed pleading does indeed add as a defendant Errol Krish, who is domiciled in Louisiana. Defendants point out that Plaintiffs have only added one of the three alleged shooters. They argue that Plaintiffs have been dilatory in seeking to add Krish, when they knew or should have known of his identity at the time suit was filed in February 2018. They add that there is no harm in denying joinder because the chance that Plaintiffs can recover anything from Krish is virtually nonexistent.

Defendants also challenge the other amendments raised in the proposed pleading. They note that the property manager, regardless of the person's identity, should be dismissed as they argue in the pending motion to dismiss. Defendants also argue that Plaintiffs' attempt to name "the minor children of Kala Bienemy" as plaintiffs does not solve the procedural capacity issue raised in their other motion to dismiss. They further challenge the addition of XYZ Security Company ("XYX Security"), arguing that claims asserted against fictitious defendants are without legal effect. Finally, Defendants argue that any survival action arising from Kala Bienemy's death has likely prescribed.

---

pleading attached to their Motion for Leave to Amend. Although the original proposed pleading is no longer in the record, Defendants represent that the new proposed amendment added Errol Krish, whereas the original proposed pleading did not.

In reply, the Plaintiffs argue that there are multiple reasons why they seek to file an amended complaint, some of which have no bearing on diversity. They point out they only recently discovered the decedent survived for a period of time after her attack and that this claim has no bearing on jurisdiction.  They add that substituting Gulfway Terrace Associate, LP ("Gulfway") DBA "Chateau D'Orleans Apartments" [2] does not affect diversity jurisdiction. They argue that they have been diligent because they only recently learned the identity of the property manager. They do not explain why they did not earlier seek to add Krish or XYZ Security as a defendant. They argue they would be significantly injured if not allowed to amend because if they are not able to identify the property manager they will not be able to recover against her if she is found liable. Plaintiffs do not explain why Krish or XYZ Security must be added as defendants to avoid injury.

<u>Law and Analysis</u>

1. *Standard for Motion to Amend Complaint*

Under Federal Rule of Civil Procedure 15(a)(2), when the time period for amending a pleading as a matter of course has passed, a party may amend its pleadings by consent of the parties or by leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). Thus, the United States Court of Appeals for the Fifth Circuit instructs that the "district court must possess a 'substantial reason' to deny a request for leave to amend." <u>Smith v. EMC Corp.</u>, 393 F.3d 590, 595 (5th Cir. 2004). Nonetheless, "that generous standard is tempered by the necessary power of a district court to manage a case." <u>Yumilicious Franchise, L.L.C. v. Barrie</u>, 819 F.3d 170, 177 (5th Cir. 2016) (quoting <u>Schiller v. Physicians Res. Grp. Inc.</u>, 342 F.3d

---

[2] Although Plaintiffs' reply memorandum says Michaels Development d/b/a Chateau D'Orleans Apartments is sought to be added, the proposed pleading adds Gulfway Terrace Associate, LP ("Gulfway") DBA "Chateau D'Orleans Apartments" as a defendant.

563, 566 (5th Cir. 2003)). The court may consider numerous factors when deciding whether to grant a motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003).

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Because the Court's decision on a motion for leave to amend to add a non-diverse defendant will affect its jurisdiction over the matter, the Court must "scrutinize that amendment more closely than an ordinary amendment." Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987). "[I]n deciding whether to grant leave to amend, courts must balance the defendant's interest in retaining the federal forum with plaintiff's competing interest in avoiding parallel federal/state lawsuits." Williams v. Carmean, No. CIV. A. 99-1095, 1999 WL 717645, at *1 (E.D. La. Sept. 13, 1999). The Fifth Circuit has also instructed courts to consider "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Hensgens, 833 F.2d at 1182.

2. *Plaintiffs' Proposed Amendment*

As the Plaintiffs argue, their proposed amendment has multiple purposes. They seek to identify the previously unidentified property manager. They attempt to remedy the procedural capacity issues related to the minor children. They add a survival action. They add an unidentified security company that allegedly provided security to the Chateau D'Orleans Apartments and its

5

unidentified insurer. They seek to substitute Gulfway for Chateau D'Orleans Apartments. And they add Krish, one of the three alleged perpetrators, as a defendant.

Most of these amendments are appropriate. While identification of the property manager does not resolve the issues raised by the Defendants in their motion to dismiss the property manager, it is appropriate for the Plaintiffs to identify the property manager rather than proceeding against an unidentified party. Similarly, substituting Gulfway for Chateau D'Orleans is appropriate. Adding a survival action at this time is also appropriate. While this claim may ultimately be found to be prescribed, it is clear that this claim, if available, must be raised as part of this lawsuit. Trial has not yet been set and no prejudice would be suffered by the addition of the survival claim. Plaintiffs' attempt to remedy the procedural capacity issues related to the minor children is also appropriate, although as Defendants point out, the amended pleading may not be sufficient to resolve the issue.

But not all of the proposed amendments can be allowed. Plaintiffs' attempt to add an unidentified security company and its unidentified insurer is not appropriate at this time. "[U]se of a "John Doe" is disfavored, [although it can] serve[] the legitimate function of giving a plaintiff the opportunity to identify, through discovery, unknown defendants." Green v. Doe, 260 F. App'x 717, 719 (5th Cir. 2007). If discovery reveals the identity of a security company that may bear liability, Plaintiffs may seek to amend their Complaint to name the security company at that time.

The most problematic amendment sought by the Plaintiffs is the addition of Krish. Joinder of this local defendant could defeat diversity jurisdiction, and accordingly, the Court considers the factors announced by the Fifth Circuit in Hensgens: "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for

amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." 833 F.2d at 1182.

It is clear to the Court that Plaintiffs seek to join this defendant solely in an attempt to defeat diversity jurisdiction. The amended complaint contains no allegations to support a claim against Krish. Although Krish has been added as a defendant and identified as "the alleged shooter" in the paragraph listing parties, no specific basis for liability of Krish is alleged. Indeed, the proposed pleading asserts that "[a]n unknown assailant . . . fatally shot Kala." At best, it is possible to infer that Krish is alleged to be Kala Bienemy's shooter. Defendants offer more factual background in their opposition memorandum, explaining that Krish is one of three individuals alleged to be the shooters. The Court agrees that it is curious that Plaintiffs would seek to join just one of them as defendants. The Court notes that Plaintiffs' claim against all the other defendants in this action relate to the safety of the premises. It is unclear why a claim against Krish would need to be raised as part of this action and, if so, why Plaintiffs failed to do so when they originally filed their petition. Thus, the first (purpose of amendment) and second (delay) Hensgens factors weigh against allowing the amendment.

Before denying the proposed amendment, the Court must also consider whether Plaintiffs will be significantly injured if the amendment is not allowed. Nowhere in their briefing do Plaintiffs explain why it is important that Krish be joined to this lawsuit. As noted above, the theory of relief against Krish differs from the claims asserted against the remaining defendants. The Court finds that resolution of any claim against Krish as the shooter is not necessary to resolve Plaintiffs' alleged claims against the remaining defendants. Further, the Defendants point out that it is unlikely Plaintiffs will be able to recover anything against Krish. Defendants report that Krish was sentenced to thirty-five years in prison after pleading guilty to the murder of Bienemy as well as

three other murders and three attempted murders the same week.  Accordingly, the Court declines to find that Plaintiffs would be significantly injured if they were not allowed to join Krish to this lawsuit.

All of the <u>Hensgens</u> factors weigh against allowing Plaintiffs proposed amendment to add Krish. Accordingly, this proposed amendment must be denied.

Conclusion

For the foregoing reasons, Plaintiffs motion is GRANTED in part and DENIED in part. Within seven days, Plaintiffs may file an amended complaint into the record which identifies the property manager, substitutes Gulfway for Chateau D'Orleans Apartments, adds a survival action, and attempts to clarify the procedural capacity issues regarding the minor children. The amended pleading shall not include the proposed amendments to add XYZ Security Company, its insurer, or Krish. Nor shall the amended pleading add any additional claims or parties that were not raised in the proposed pleading before the Court at this time.

New Orleans, Louisiana, this 29th day of August, 2018.

Janis van Meerveld<br>
United States Magistrate Judge