# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROSLYNN BIENEMY, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-5574** |
| **CHATEAU D' ORLEANS APARTMENTS, ET AL.** | **SECTION "H" (1)** |

## ORDER AND REASONS

The Court now examines subject matter jurisdiction *sua sponte*. On August 29, 2018, Magistrate Judge van Meerveld partially granted Plaintiffs' request for leave to amend their Complaint.[1] As a result, Defendant Gulfway Terrace Associates, LP d/b/a Chateau D'Orleans Apartments ("Gulfway") was substituted for the Defendant previously identified as Chateau D'Orleans Apartments.[2] In their Amended Complaint, Plaintiffs allege that Gulfway is "a foreign partnership licensed to do and doing business in the State of Louisiana."[3]

---

[1] Doc. 45.
[2] *See* Docs. 45, 46.
[3] Doc. 46.

1

Defendants removed this case on diversity grounds on June 1, 2018.[4] At that time, Gulfway's citizenship was not at issue because Gulfway was not yet a party to this suit. Meanwhile, on July 6, 2018, Plaintiffs filed a Motion to Remand this suit to state court.[5] This Motion was pending when Plaintiffs filed their Amended Complaint in which Gulfway was first joined as a Defendant in this suit.[6] In that Amended Complaint, Plaintiffs failed to plead sufficient facts to show Gulfway's citizenship for the purposes of 28 U.S.C. § 1332. Nevertheless, because it is Defendants, not Plaintiffs, who seek a federal forum in this case, the burden to prove Gulfway is diverse from Plaintiffs lies with Defendants.[7] Nowhere in any of the motions or responses filed with this Court have Defendants alleged facts to show Gulfway's citizenship.

Gulfway is a limited partnership.[8] The citizenship of a limited partnership is determined by the citizenship of all its members, which for a limited partnership includes all general and limited partners.[9] Because no party has alleged the citizenship of Gulfway or its members, this Court cannot determine the citizenship of Defendant Gulfway.

Under 28 U.S.C. § 1447, district courts possess the authority in removed cases to "issue all necessary orders and process to bring before it all proper parties . . ." Accordingly, Defendants must file an Affidavit with this Court identifying the citizenship of Defendant Gulfway within 10 days of this Order.

---

[4] Doc. 1.
[5] Doc. 17.
[6] *See* Doc. 46.
[7] *See* Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001) ("[T]he burden of establishing federal jurisdiction rests on the party seeking the federal forum.").
[8] *See* Doc. 46.
[9] *See* Carden v. Arkoma Assocs., 494 U.S. 185, 195 (1990).

## CONCLUSION

For the foregoing reasons, the Court finds that Defendants have failed to adequately allege diversity of citizenship. Defendant is granted leave to file an Affidavit identifying the citizenship of Defendant Gulfway within 10 days of this Order. Failure to timely file the Affidavit will result in dismissal for lack of subject matter jurisdiction.

New Orleans, Louisiana this 2nd day of October, 2018.

**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**