UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROSLYNN BIENEMY ON BEHALF OF LM, KeY AND KB, MINORS IRIS RHODES ON BEHALF OF KMB A MINOR AND CYNTHIA DOUGLAS ON BEHALF OF KY A MINOR<br><br>VERUS<br><br>CHATEAU D'ORLEANS APARTMENTS; JOHN/JOE DOE; THE MICHAELS DEVELOPMENT COMPANY I, LP; INTERSTATE REALTY MANAGEMENT COMPANY; MICHAELS COMMUNITY SERVICES CORPORATION; %12345 INSURANCE COMPANY; 09876 INSURANCE COMPANY; X2020-INSURANCE COMPANY; AND AB*45*101 INSURANCE COMPANY | CIVIL ACTION NO.: 2:18-CV-05574-JTM-JVM<br><br>JUDGE JANE TRICHE MILAZZO<br><br>MAGISTRATE JUDGE JANIS MEERVELD |

**THIRD SUPPLEMENTAL AND AMENDED COMPLAINT**
**(AMENDING PARTY ORIGINALLY SET FORTH IN PRIOR COMPLAINT)**

NOW INTO COURT, through undersigned counsel, come Plaintiffs, the minor children ("Children") of deceased victim KALA BIENEMY, by and through their duly authorized tutors, who respectfully file this Third Supplemental and Amended Complaint for survival and wrongful death damages.

1

**PARTIES**

MADE PLAINTIFFS HEREIN ARE THE TUTORS OF THE PROPER CLAIMANTS FOR SURVIVAL AND WRONGFUL DEATH ACTIONS:

The legal tutors of the minor children of KALA BIENEMY ("Kala")—namely: CYNTHIA DOUGLAS on behalf KY; ROSLYNN BIENEMY on behalf of LM, KeY, and KB; and IRIS RHODES on behalf of KMB. These tutors have full tutorship over the minor children in full compliance with the law.[1] The children are the natural, surviving children of Kala, the direct victim of Defendants' negligence. Upon information and belief, at the time of her death, Kala was unmarried. As such, her surviving children are the proper survival action claimants for the injuries and damages she suffered immediately prior to her death pursuant to Louisiana Civil Code Article 2315.1(A)(1-2). Her surviving children are also the proper claimants to pursue a wrongful death action for their own injuries and damages that occurred as a result of Kala's wrongful death pursuant to Louisiana Civil Code Article 2315.2(A)(1-2). Children are all minors and domiciled the State of Louisiana.

II.

MADE DEFENDANTS HEREIN ARE:

A. THE MICHAELS DEVELOPMENT COMPANY I, LP ("Michaels Development"), DBA "CHATEAU D'ORLEANS APARTMENTS", a foreign partnership licensed to do and doing business in the State of Louisiana and who owns the property where the Chateau D'Orleans

---

[1] The tutorship proceedings are finalized. Rosylnn Bienemy brings this action as confirmed tutrix of the minors LM, KeY, and KB. Iris Rhodes brings this action as confirmed tutrix of the minor KMB. Cynthia Douglas brings this action as confirmed tutrix of the minor KY. The documentation from the tutorship proceedings are attached as Exhibit 1.

Apartment Complex is located at municipal address 14765 Chef Menteur Highway, New Orleans, Louisiana 70129 ("Chateau D'Orleans Apartment Complex" or "the Property").

B. INTERSTATE REALTY MANAGEMENT COMPANY ("Interstate Realty"), a foreign corporation authorized/licensed to do and doing business in the State of Louisiana and who provides management services to Michaels Development for the Chateau D'Orleans Apartment Complex.

C. MICHAEL COMMUNITY SERVICES CORPORATION ("Michaels Services"), a Non-Profit Corporation domiciled in New Jersey at 3 East Stow Road, Marlton, New Jersey 08053, and whose principle business establishment in Louisiana is Chateau D'Orleans 4765 Chef Menteur Highway, New Orleans, Louisiana 70129, and which promotes low-income housing through construction, rehabilitation, financing, and ownership of affordable housing.

D. ANGELA VALDERY, the former property manager, a person of full age of majority who is domiciled in the Parish of Orleans, State of Louisiana and who was employed at the Chateau D'Orleans Apartment Complex owned by Gulfway Terrance Associates, LP and managed by Interstate Realty Management Company. Upon information and belief, Angela Valdery was employed at the time Kala signed the lease for an apartment at the Chateau D'Orleans Apartment Complex.

E. ASHLEY LORICK, the current property manager, a person of full age of majority who is domiciled in the Parish of Orleans, State of Louisiana and who is employed at the Chateau D'Orleans Apartment Complex owned by Gulfway Terrance Associates, LP and managed by Interstate Realty Management Company. Upon information and belief, Ashley Lorick was the property manager at the time of the incident.[2]

---

[2] *See* Exhibit 1, which identifies Ashley Lorick as the property manager at the time of the incident.

F. 09876 INSURANCE COMPANY ("09876 Insurance") foreign or domestic insurance company authorized to do and doing business in the State of Louisiana, which at all times material hereto issued a policy of insurance that insured Gulfway Terrace Associates, LP, Angela Valdery and Ashley Lorick.

G. X2020-INSURANCE COMPANY, a foreign or domestic insurance company authorized to do and doing business in the State of Louisiana, which at all times material hereto issued a policy of insurance that insured Interstate Realty and Gulfway Terrace Associates, LP.

H. AB45*101 INSURANCE COMPANY, a foreign or domestic insurance company authorized to do and doing business in the State of Louisiana, which at all times material hereto issued a policy of insurance that insured Gulfway Terrace Associates, LP, Angela Valdery and Ashley Lorick.

J. GULFWAY TERRACE ASSOCIATES, LP ("GULFWAY") DBA "CHATEAU D'ORLEANS APARTMENTS" a foreign partnership licensed to do and doing business in the State of Louisiana and who owns the property where the Chateau D'Orleans Apartment Complex located at municipal address 14765 Chef Menteur Highway, New Orleans, Louisiana 70129.

**VENUE**

III.

Venue is proper pursuant to Articles 42 and 74, *et seq.* of the Louisiana Code of Civil Procedure because the wrongful conduct occurred in Orleans Parish.

**JURISDICTION**

IV.

This Court has personal jurisdiction over Defendants, Michaels Development, Interstate Realty, Michaels Services, Angela Valdery, Ashley Lorick, 09876 Insurance, X2020 Insurance,

4

and AB45*101 Insurance because they caused injury to Kala and her surviving children through acts or omissions which occurred within the confines of Orleans Parish.

V.

This Court has personal jurisdiction over Defendants, 09876 Insurance, X2020 Insurance, and AB45*101 Insurance under Louisiana's Direct Action Statute La. R.S. 22:1269, in light of their status as liability insurers of one or more of the Defendants at all times material hereto, and because each regularly transacts business and contracts to supply services in Orleans Parish, Louisiana.

VI.

This federal Court does not have subject matter jurisdiction for this case because the former Property Manager, Angela Valdery, and the current Property Manager, Ashley Lorick, are Louisiana citizens so the parties are not diverse.

**WRONGFUL DEATH AND SURVIVAL CLAIMS**

VII.

Children, as the wrongful death claimants named herein, bring their wrongful death claim for the death of their mother, Kala. Children would show that they have lost the love, affection, and companionship of the Kala and that they have lost the services and support provided to them by Kala. Children have also experienced mental pain, suffering, and distress as a result of Kala's death and upon information and belief have incurred funeral expenses. They are also likely to incur medical expenses as a result of the psychological treatment they will require because of the wrongful death of Kala.

VIII.

Children, as the survival claimants herein on behalf of Kala, would show that Kala experienced pain and suffering and mental anguish in the period immediately preceding her death.

**FAULT OF MICHAELS DEVELOPMENT, INTERSTATE REALTY, MICHAELS SERVICES, ASHLEY LORICK, AND ANGELA VALDERY**

IX.

On the morning of February 2, 2017 Kala was, upon information and belief, sitting on her sofa in her apartment at the Chateau D'Orleans Apartment Complex.

X.

An unknown assailant then fatally shot Kala.

XI.

Defendants are answerable for Children's losses and for Kala's mental anguish and pain and suffering pursuant to Articles 2315, 2315.1, 2315.2, 2317, and 2317.1 of the Louisiana Civil Code because their negligence and/or their gross/wanton negligence was the cause-in-fact of the incident in question and because Children are the proper statutory claimants.  At all times material hereto, Defendants, Micahels Development, Interstate Realty, Michaels Services, Angela Valdery, Ashley Lorick, and Gulfway were the owners and/or custodians of the Property responsible for the safety and security of the Property.  Because of this, they owed a duty of care to individuals on the premises.  Property managers at the complex were responsible for emergency work, unit leasing, and management, direction, training, and safety of all employees.  Defendants did foresee or should have foreseen that the shooting of Kala would occur because they had actual knowledge of the existence and frequency of similar instances of violent crime and predatory incidents on the Property in the months and years prior to the incident.  In particular, Defendants were negligent in each or all of the following respects:

A. Failure to provide adequate safety measures and security features to the Property;

B. Failure to restrict access to the Property;

C. Failure to provide adequate lighting;

D. Failure to provide adequate security fences to prevent access to the Property;

E. Failure to provide warning signs;

F. Failure to properly utilize security measures;

G. Failure to provide sufficient security guards;

H. Failure to provide properly trained security guards;

I. Failure to provide security guards that were alert to security breaches;

J. Failure to provide operating procedures for security guards;

K. Failure to follow operating procedures (or post orders or special orders);

L. Failure to maintain proper records of prior criminal actions on the Property;

M. Failure to provide special orders for security guards to deal with criminal activity on the Property;

N. Failure to follow procedures recommended by security company or advisor;

O. Failure to train employees in security procedures;

P. Failure to properly manage the Property;

Q. Failure to adequately ensure the safety of lessees and their guests and specifically the safety of Kala;

R. Failure to warn Kala about the violence on the premises;

S. Failure to warn Kala that a safe home environment would not be possible;

T. Failure to inform Kala about prior murders on the premises;

U. Creating an unreasonable risk of harm to tenants and their guests and specifically to Kala;

V. Causing Kala's wrongful and untimely deaths by having a known defect in the Property that allowed the unknown assailant to enter the Property;

W. Knew, or in the exercise of reasonable care, should have known, of the ruin, vice, or defect in the Property and failed to correct or repair it;

X. Failure to take action to prevent Kala's injuries and damages through the exercise of reasonable care;

Y. Failure to exercise reasonable care; and

Z. Such other acts and omissions as will be shown at trial.

XII.

Kala's conduct was reasonable and prudent at all times and did not in any way contribute to her death.

**INJURIES AND DAMAGES**

XIII.

As a direct result of the above-described incident, Kala sustained the following injuries and damages:

A. Gunshot wounds to her body; and

B. Death.

XIV.

As a direct result of the above-described incident, Children seek recovery against the Defendants, jointly, severally, and/or in solido, for all damages to which they are entitled as wrongful death claimants, including, but not limited to:

A. Loss of love, affection, and companionship of their mother, Kala;

B. Loss of service and support because of the death of their mother, Kala;

C. Mental pain, suffering, and distress because of the wrongful deaths of their mother, Kala;

D. Funeral expenses for Kala;

E. Medical expenses as a result of their psychological treatment necessitated by the wrongful death of Kala; and

F. Any other wrongful death damages to which they may be entitled.

## XV.

In their capacity as survival action claimants, Children seek recovery against the Defendants, jointly, severally, and/or in solido, for all damages to which they are entitled as survival action claimants for Kala's death including, but not limited to:

A. Physical pain and suffering;

B. Mental anguish and/or emotional distress, including, but not limited to, the anguish and distress Kala suffered knowing that she was leaving behind her surviving children;

C. Economic losses;

D. Hedonic damages;

E. Her pre-death fear for her life; and

F. Any other survival action damages to which they may be entitled for Kala's own injuries and damages.

## JURY DEMAND

## XVI.

Children's damages exceed the amount necessary for a trial by jury.

## XVII.

Children request a trial by jury.

WHEREFORE, Children pray that Defendants be served with a copy of this Supplemental Amended Complaint, and after being duly cited to appear and respond thereto and after the expiration of all legal delays and due proceedings are had, that there be a judgment in favor of Children and against all Defendants in an amount of damages reasonable and found reasonable at trial together with legal interest thereon from the date of judicial demand until paid in full, as well as all costs of these proceedings and all other general and equitable relief.

SIGNATURE BLOCK ON THE FOLLOWING PAGE

Respectfully Submitted:

PANDIT LAW FIRM

/s/ *Jason M. Baer*
**JASON M. BAER**, Bar No. 31609
**CASEY C. DEREUS**, Bar No. 37096
**JOSHUA A. STEIN**, Bar No. 37885
701 Poydras Street, Suite 3950
New Orleans, LA 70139
Telephone: (504) 3p13-3800
Facsimile: (504) 313-3820
Email: jbaer@panditlaw.com

And

**The Law Offices of Michael T. Bell, LLC**
**Michael T. Bell**, LBA #22740
412 N. 4th St., Ste. 100-A
P.O. Box 83932
Baton Rouge, LA 70884
Telephone: (225) 343-1112
Facsimile: (2205) 387-8807

And

**ALVENDIA, KELLY & DEMAREST, LLC**
**Roderick "Rico" Alvendia**, Bar No. 25554
909 Poydras Street, Suite 1625
New Orleans, LA 70112
Telephone: (504) 200-0000
Facsimile: (504) 200-0001

## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing pleading has been served upon counsel for all parties via CM/ECF Filer System, on this 8th day of October, 2018.

/s/ *Jason M. Baer*