# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROSLYNN BIENEMY ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-5574** |
| **CHATEAU D'ORLEANS APARTMENTS ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

On June 1, 2018, Defendants removed this suit to this Court from Orleans Parish's Civil District Court.[1] At the time, Defendants alleged that this Court had diversity jurisdiction under 28 U.S.C. § 1332.[2] Subsequently, on August 29, 2018, Magistrate Judge van Meerveld partially granted Plaintiffs' request for leave to amend their Complaint, which resulted in Gulfway Terrace Associates, LP ("Gulfway") being substituted as a Defendant in this suit in place of the Defendant previously identified as Chateau D'Orleans Apartments.[3]

On October 2, 2018, this Court ordered Defendants to file within 10 days an Affidavit that identified the citizenship of Defendant Gulfway.[4] This Court

---

[1] *See* Doc. 1.
[2] *See id.*
[3] *See* Docs. 45, 46.
[4] Doc. 57.

1

granted Defendants' request for an extension to comply with its October 2, 2018 Order and Reasons.[5] Nevertheless, on October 24, 2018, Defendants filed a Response to this Court's previous Order and Reasons conceding that they "do not have access to" information necessary to determine Gulfway's citizenship.[6] Defendants further admitted that they received information suggesting that Gulfway is a Louisiana citizen, which would defeat complete diversity because it is undisputed that all Plaintiffs are Louisiana citizens.[7] Defendants ultimately conceded that they "cannot meet their burden to establish complete diversity."[8] As such, this Court lacks subject matter jurisdiction in this suit, and the case must be remanded to state court.[9] Accordingly;

**IT IS ORDERED** that this case is **REMANDED** to state court.

New Orleans, Louisiana this 30th day of October, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[5] Doc. 65.
[6] Doc. 70.
[7] *See* Doc. 1. *See also* 28 U.S.C. § 1332; Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996) (noting that diversity jurisdiction under § 1332 exists only when no plaintiff has the same citizenship as any defendant) (citing Strawbridge v. Curtiss, 7 U.S. 267, 267 (1806)).
[8] Doc. 70. *See also* Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001) ("[T]he burden of establishing federal jurisdiction rests on the party seeking the federal forum.").
[9] 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").